AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

FILED
FEB -7 2018
CLERK, U.S DISTRICT COURT
RICHMOND, VA

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
2017 Mercedes-Benz E300, VIN WDDZF4KB0HA209813 )  Case No. 3:18SW31
bearing Virginia license plate MRSADM, and 2016 Infiniti )           3:18SW32
QX60, VIN 5N1AL0MN4GC517601 bearing Virginia license )
plate MOMBOSS )

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the __Eastern__ District of __Virginia__ is subject to forfeiture to the United States of America under __18__ U.S.C. § __981 & 982__ *(describe the property)*:

2017 Mercedes-Benz E300, VIN WDDZF4KB0HA209813 bearing Virginia license plate MRSADM, and

2016 Infiniti QX60, VIN 5N1AL0MN4GC517601 bearing Virginia license plate MOMBOSS.

The application is based on these facts:
See attached Affidavit incorporated herein by reference.

☐ Continued on the attached sheet.

Reviewed by AUSA/SAUSA:

G. Wingate Grant

*Applicant's signature*
David P. Hulser
Special Agent, Federal Bureau of Investigation
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/7/2018

City and state: Richmond, VA

/s/
Roderick C. Young
United States Magistrate Judge
*Judge's signature*

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANTS

I, David P. Hulser, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for over 22 years. I have been primarily involved in criminal investigations concerning violations of federal laws, including investigative matters commonly referred to as "White Collar Crimes," such as financial institution fraud, fraud against the government, investment fraud, money laundering, fraud by wire, and mail fraud. I am presently assigned to the Complex Financial Crimes Squad within the Richmond Division of the FBI. I am a licensed Certified Public Accountant and was employed in the public accounting field for over 6 years prior to being appointed as an FBI Special Agent. As an FBI Special Agent I am authorized to investigate violations of federal law and submit this Affidavit.

2. This Affidavit is submitted pursuant to Rule 41 of the Federal Rules of Criminal Procedure in support of an Application for warrants authorizing the seizure of a black 2017 Mercedes-Benz E300 sedan with Vehicle Identification Number (VIN) WDDZF4KB0HA209813 and bearing Virginia license plate number MRSADM registered solely to April Downey McSwain at 715 Old Town Drive, Colonial Heights Virginia 23834, and a black 2016 Infiniti QX60 with VIN 5N1AL0MN4GC517601 and bearing Virginia license plate number MOMBOSS also registered solely to April Downey McSwain at 715 Old Town Drive, Colonial Heights, Virginia 23834, on the grounds that there is probable cause to believe that: a) April Downey McSwain (hereafter McSwain) obtained in excess of $316,000.00 under the custody or control of Wells Fargo Bank through a scheme to defraud in violation of Title 18, United States Code (U.S.C.), § 1344 (Bank Fraud), a specified unlawful activity as defined in Title 18 U.S.C., § 1955(c)(7), and deposited those funds in a Wells Fargo Bank account in her name; b) proceeds of this fraud were electronically transferred to a bank account owned jointly by McSwain and Avin McSwain in violation of Title 18, U.S.C, § 1343 (Wire Fraud), also a specified unlawful activity; and c) funds traceable to these fraud proceeds were used to purchase the two vehicles identified above. Therefore, because the vehicles identified above were involved in violations of Title 18, U.S.C. § 1957 (Money Laundering), these vehicles are subject to civil forfeiture to the United States under Title 18, U.S.C. § 981(a)(1)(A) and (C), and Title 28, U.S.C., § 2461, and/or subject to criminal forfeiture pursuant to Title 18, U.S.C, § 982(a)(1), and therefore are subject to civil seizure pursuant to Title 18, U.S.C., § 981(b), and/or subject to criminal seizure pursuant to Title 21, U.S.C., § 853(f), and Title 18, U.S.C., § 982(b)(1).

## MONEY LAUNDERING UNDER TITLE 18, U.S.C., § 1957

3. Title 18, U.S.C, § 1957, prohibits knowingly engaging or attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000.00 that is derived from a specified unlawful activity.

1

4. Wire Fraud (Title 18, U.S.C., § 1343) and Bank Fraud (Title 18, U.S.C., § 1344) are specified unlawful activities as listed under Title 18, U.S.C., 1956(c)(7) [incorporating by reference offenses listed in Title 18, U.S.C., § 1961(1)].

5. I am advised that any property, real or personal, involved in a violation of § 1957 is subject to civil forfeiture to the United States under Title 18, U.S.C., § 981(a)(1)(A), and to criminal forfeiture pursuant to Title 18, U.S.C., § 982(a)(1). I am further advised that property involved in a violation of § 1957 is subject to civil seizure pursuant to Title 18, U.S.C., § 981(b), and/or subject to criminal seizure pursuant to Title 21, U.S.C., § 853(f), and Title 18, U.S.C., § 982(b)(1).

## BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT

6. I have been investigating McSwain since approximately mid-January, 2018. As a result of my personal participation in this investigation I am familiar with all aspects of this investigation. The statements contained in this Affidavit are based in part on my personal participation in this investigation, information provided to me by other FBI employees and other law enforcement personnel, my review of financial records subject to this investigation, my review of the financial analysis prepared by FBI Forensic Accountant (FoA) Lisa B. Tuggle, and my background, training, and experience as a Special Agent of the FBI. I have set forth only those facts and circumstances I believe are necessary to establish probable cause to believe that the vehicles identified in Paragraph 2 above are subject to forfeiture to the United States. All information in this Affidavit is true and correct to the best of my knowledge.

## PROBABLE CAUSE FOR SEIZURE WARRANT

7. This investigation is being worked jointly with the United States Postal Inspection Service (USPIS). This investigation was initiated based on information received from an official of Wells Fargo Bank indicating that an account owned by one of its customers (hereafter the Victim) had been compromised. An internal Wells Fargo Bank investigation determined that between January 2017 and December 2017, 48 checks payable to McSwain and totaling over $316,000.00 had been written from the Victim's account. According to the Wells Fargo Bank official, those checks were deposited into McSwain's Wells Fargo Bank checking account number ******4060 and the funds were thereafter used for personal expenses.

8. McSwain (date of birth \*\*/\*\*/1981) resides in Colonial Heights, Virginia. She is licensed by the Virginia Department of Health Professions as a Licensed Practical Nurse. A query of the records of the Virginia Employment Commission on January 10, 2018, disclosed that no wages have been reported for her and no unemployment benefits have been paid to her. McSwain's employment, if any, is unknown at this time.

9. McSwain maintains two accounts at Wells Fargo Bank. One account is a joint checking account with Avin McSwain, who I believe to be McSwain's husband. The number for this account is ******9916 (hereafter A/C -9916). A second account is an individual account in McSwain's name, account number ******4060 (hereafter A/C -4060).

10. On January 12, 2017, USPIS Inspector Edward O'Donnell and I interviewed the Victim, a resident of North Carolina. The Victim advised that McSwain had been the Victim's caregiver in 2013 due to a medical condition, and that after the Victim's recovery McSwain maintained contact with the Victim and often visited the Victim's home. The Victim assumed that McSwain stole checks from his/her home during one of McSwain's visits.

11. The Victim confirmed that he/she had reviewed copies of the checks made payable to McSwain and that the signatures on those checks were not the Victim's. The Victim did not authorize McSwain to have access to his/her checks nor to sign the Victim's name to the checks. The Victim was unaware of these transactions until discovering it in December, 2017, when he/she reported the compromise to Wells Fargo Bank.

Summary of bank records analysis

12. An analysis of the records of McSwain's Wells Fargo Bank accounts A/C -4060 and A/C -9916 was conducted by FoA Tuggle and completed on or about January 26, 2018. In sum, that analysis, which I have reviewed, shows that between on or about January 6, 2017, and on or about December 8, 2017, 48 checks were drawn on Victim's account. These checks, totaling $316,274.00, were all payable to McSwain. The large majority of these checks were deposited into McSwain's A/C -4060. Funds from A/C -4060 were then deposited or electronically transferred into A/C -9916.

13. Two checks (one for $11,000.00 dated July 14, 2017, and the other for $27,000.00, dated October 19, 2017) payable to Superior Chrysler Dodge Jeep were drawn on A/C -9916 for the purchase of the 2016 Infinity QX60 automobile. Prior to these checks posting to the account, online transfers of $11,000.00 and $33,000.00 were made from A/C -4060 to A/C -9916. Based on the analysis, in the case of both checks there were insufficient funds in the account in order for the checks to clear prior to the online transfers.

14. The analysis also shows money from A/C -9916 was used to purchase a Wells Fargo Bank Cashier's Check in the amount of $39,382.36 given as payment for the purchase of the 2017 Mercedes-Benz E300 automobile. Three online transfers of $38,000.00, $2,000.00, and $1,000.00 were made from A/C -4060 to A/C -9916 on the day the Cashier's Check was purchased. The analysis shows there were insufficient funds in the account for the Cashier's Check purchase prior to the online transfers.

3

15. Additionally, the analysis shows that prior to these online transfers from A/C -4060 to A/C -9916, checks drawn on Victim's account and payable to McSwain were deposited into A/C -4060.

Purchase of 2016 Infinity QX60 with criminally derived funds

16. On February 6, 2018, I received from Superior Chrysler Dodge Jeep, 120 Highway 158 Bypass West, Henderson, North Carolina 27536, copies of records relating to the purchase of a used black 2016 Infiniti QX60, VIN 5N1AL0MN4GC517601. The purchase agreement, dated October 19, 2017, identifies the purchaser as April Downey McSwain, 715 Old Town Drive, Colonial Heights, Virginia 23834, and bears her signature.

17. The purchase agreement reflects the total cash price of the vehicle as $38,000.00. A credit of $11,000.00 was given for cash paid with the order (down payment), leaving a balance due of $27,000.00. The records include a copy of Check #1232 payable to "Superior CDJ" in the amount of $27,000.00 drawn on McSwain's Wells Fargo Bank A/C -9916 and a copy of a receipt from Superior Chrysler Dodge Jeep dated September 14, 2017. This receipt shows a down payment of $11,000.00 made by Check #1224 was received from McSwain. The Virginia Certificate of Title shows the owner of the vehicle as April Downey McSwain, 715 Old Town Drive, Colonial Heights, Virginia 23834.

18. Based on my review of FoA Tuggle's analysis, I assert there is probable cause to believe that the monies used to fund the two checks (Checks #1224 and 1232) given in payment for the purchase of the 2016 Infinity QX60 were derived from McSwain's scheme to defraud Wells Fargo Bank. The analysis shows the following:

*Monies funding Check #1224 were fraud proceeds*

19. Check #1224, dated July 14, 2017, is a check in the amount of $11,000.00 drawn on McSwain's A/C -9916. The check reflects the signature of McSwain and is payable to "Superior CDJ." Written on the Memo line is "2016 Infiniti QX60 #517601." The check posted to A/C -9916 on September 15, 2017.

20. The analysis shows that the balance in A/C -4060 on September 12, 2017, after all items posted was $9,226.50. A check in the amount of $15,000.00 was deposited in the account on September 13, 2017, bringing the balance in A/C -4060 to $24,226.50. The list of checks from the Victim's account which were deposited into A/C -4060 includes check #6399, dated September 12, 2017, and payable to McSwain in the amount of $15,000.00. I believe this check was the one deposited into A/C -4060 on September 13, 2017. Four additional debits totaling $1,287.97 posted on September 13, 2017, leaving a balance of $22,938.53.

21. Two debits totaling $208.67 in A/C -4060 preceded the online transfer of $11,000.00 to A/C -9916 on September 14, 2017. The balance in A/C -4060 prior to the

4

online transfer was $22,729.86 and the balance after the transfer was $11,729.86. Therefore, I submit the online transfer of $11,000.00 from A/C -4060 to A/C -9916 on September 14, 2017, was a transaction involving funds obtained in violation of Title 18, U.S.C., § 1343.

22. Regarding A/C -9916, the account on which Check #1224 was drawn, the balance in A/C -9916 on September 13, 2017, after all the items posted was $1,166.22. On September 14, 2017, the $11,000.00 online transfer discussed above was made from A/C -4060 into A/C -9916, bringing the balance in A/C -9916 to $12,166.22. One additional online transfer from A/C -4060 in the amount of $400.00 was made on September 14, 2017, and six items totaling $1,148.78 were debited from the account, leaving a balance in the account on September 14, 2017, after all items posted of $11,417.44.

23. On September 15, 2017, four transactions posted -- one online transfer of $112.33 and two debits totaling $105.03. The fourth transaction was the posting of Check #1224 in the amount of $11,000.00. The balance in the account at the time the check posted was $11,424.74. The balance after the check posted was $424.74.

24. I submit that the online transfer of $11,000.00 from A/C -4060 to A/C -9916 on September 14, 2017, were proceeds of fraud and that these fraud proceeds were used to fund Check #1224, all in violation of Title 18, U.S.C., § 1957.

*Monies funding Check #1232 were fraud proceeds*

25. Check #1232, dated October 19, 2017, is a check in the amount of $27,000.00 drawn on McSwain's A/C -9916. This check, which bears McSwain's signature, is payable to "Superior CDJ." Written on the Memo line is "Payoff - #517601." This check posted to A/C -9916 on October 20, 2017.

26. The analysis shows a balance in A/C -4060 on October 17, 2017, after all items posted of $9,502.03. A check in the amount of $37,000.00 deposited to A/C -4060 posted on October 18, 2017, bringing the balance in A/C -4060 to $46,502.03. The list of checks from the Victim's account which were deposited into A/C -4060 includes check #6629, dated October 18, 2017, and payable to McSwain in the amount of $37,000.00. I believe this check was the one deposited into A/C -4060.

27. Eight additional transactions occurred on October 18, 2017, all debits totaling $652.83. The balance in A/C -4060 on October 18, 2017, after all items posted was $45,849.20. On October 19, 2017, the only transaction which posted to A/C -4060 was the online transfer of $33,000.00 to A/C -9916. The balance in A/C -4060 after this transfer was $12,849.20.

28. Regarding A/C -9916, the balance in A/C -9916 on October 18, 2017, after all items posted was $43.24. Five transactions occurred on October 19, 2017. One transaction was the $33,000.00 online transfer from A/C -4060 discussed above. An online transfer of

5

$300.00 was made into A/C -9916 from another account, but was then transferred back to that same account. There were two additional debits totaling $25.06 leaving a balance in A/C -9916 on October 19, 2017, of $33,018.18.

29. The only transaction which occurred on October 20, 2017, was the posting of Check #1232 in the amount of $27,000.00. The balance in the account on October 20, 2017, after this item posted was $6,018.18.

30. I submit that the online transfer of $33,000.00 from A/C -4060 to A/C -9916 on October19, 2017, were proceeds of fraud and that these fraud proceeds were used to fund Check #1232, all in violation of Title 18, U.S.C., § 1957.

31. Because McSwain engaged in monetary transactions in funds of a value greater than $10,000.00 (Checks #1224 and 1232 for the purchase of the 2016 Infinti QX60 and the online transfers funding those checks) derived from a specified unlawful activity (Bank Fraud), she has violated Title 18, U.S.C., § 1957. Accordingly, the 2016 Infinti QX60 automobile is subject to civil seizure pursuant to Title 18, U.S.C., § 981(b), and/or subject to criminal seizure pursuant to Title 21, U.S.C., § 853(f), and Title 18, U.S.C., § 982(b)(1).

Purchase of 2017 Mercedes-Benz E300 with criminally derived funds

32. On or about January 24, 2018, I received from David R. McGeorge Car Company, Inc., doing business as Mercedes-Benz of Midlothian, 12200 Midlothian Turnpike, Midlothian, Virginia 23113, copies of records associated with the purchase of a used 2017 Mercedes-Benz E300 sedan, VIN WDDZF4KB0HA209813, by April Downey McSwain on November 24, 2017.

33. These records include a Virginia Buyers Order, dated November 24, 2017, bearing McSwain's signature. My examination of this Buyers Order shows that the total delivered price of the vehicle was $54,868.27. McSwain traded in a 2014 Mercedes-Benz CLA250C (VIN -9797) and was given a trade-in allowance of $16,500.00. McSwain also made a $500.00 down payment on November 17, 2017, with a VISA credit card (****-****-****-3735). Adding in the trade-in allowance, down payment, and the purchase of an extended service contract, the balance due on delivery was $39,382.36. The records also include a copy of a receipt, dated November 27, 2017, reflecting that McSwain paid $39,382.36 by check.

34. Based on my review of FoA Tuggle's analysis, I assert there is probable cause to believe that the funds used to purchase the $39,382.36 Cashier's Check (given as payment for the Mercedes-Benz) were proceeds derived from McSwain's scheme to defraud Wells Fargo Bank. Specifically, on November 21, 2017, the balance in A/C -4060 was $16,159.80. On November 22, 2017, a check in the amount of $40,000.00 was deposited via an ATM deposit bringing the balance in the account to $56,159.80. The list of checks from the Victim's account which were deposited into A/C -4060 includes check #6569, dated

November 22, 2017, and payable to McSwain in the amount of $40,000.00. I believe this check was the one deposited into A/C -4060.

35. The balance in A/C -4060 on November 21, 2017, after all items posted was $16,159.80. Three transactions occurred on November 22, 2017, the ATM deposit of the $40,000.00 check and two withdrawals totaling $651.24, leaving the balance on November 22, 2017, of $55,508.56. No transactions occurred in the account on November 23, 2017.

36. On November 24, 2017, seven withdrawals were made from A/C -4060. No deposits were made. Four of the withdrawals (three check card purchases and one bill payment) totaled $806.53. The remaining three withdrawals were online transfers to A/C -9916 in the amounts of $38,000.00, $2,000.00, and $1,000.00. The balance in A/C -4060 on November 24, 2017, after all items posted was $13,702.03.

37. Regarding A/C -9916, the balance in A/C -9916 on November 22, 2017, was $649.78. No transactions occurred on November 23, 2017. The records show three online transfers on November 24, 2017, from A/C -4060 into A/C -9916 in the amounts of $38,000.00, $2,000.00, and $1000.00, bringing the balance in A/C -9916 after these transfers to $41,649.78. Two withdrawals totaling $199.33 also posted.

38. The Wells Fargo Bank records reviewed include a withdrawal slip, dated November 24, 2017, signed by McSwain reflecting a withdrawal of $39,382.36 from A/C – 9916 and a receipt for the purchase of Cashier's Check Number 6872701891, dated November 24, 2017, from A/C -9916. The purchaser listed on the receipt is April D. McSwain. The Cashier's Check is payable to Mercedes-Benz of Midlothian. The balance in A/C -9916 at the time this Cashier's Check was purchased was $41,450.45. The balance after this $39,382.36 withdrawal was $2,068.09.

39. I also have reviewed a copy of Cashier's Check Number 6872701891, dated November 24, 2017, in the amount of $39,382.36 payable to Mercedes-Benz of Midlothian. The Remitter is listed as April D. McSwain. A hand-written notation on the face of the Cashier's Check lists the number "471630/25372." Records acquired from Mercedes-Benz of Midlothian contain the number "471630" identified as the Customer Number and the number "25372" identified as the Deal Number.

40. Therefore, because McSwain engaged in monetary transactions in funds of a value greater than $10,000.00 (the purchase of the Cashier's Check used to buy the Mercedes-Benz and the $38,000 online transfer used to purchase it) derived from a specified unlawful activity (Bank Fraud), she has violated Title 18, U.S.C., § 1957. Accordingly, the 2017 Mercedes-Benz E300 automobile is property subject to civil seizure pursuant to Title 18, U.S.C., § 981(b), and/or subject to criminal seizure pursuant to Title 21, U.S.C., § 853(f), and Title 18, U.S.C., § 982(b)(1).

Results of Physical Surveillance

41. On February 5, 2018, I conducted physical surveillance in the vicinity of 715 Old Town Drive, Colonial Heights Virginia. At approximately 3:50 p.m. I observed a black Mercedes-Benz sedan bearing Virginia license plate MRSADM and a black Infinity bearing Virginia license plate MOMBOSS. Both vehicles were parked in the driveway of 715 Old Town Drive, Colonial Heights Virginia. As noted in Paragraph 2 above, both of these vehicles are registered solely to McSwain at this address.

## CONCLUSION

42. Based on the facts and circumstances set forth above, I submit there is probable cause to believe April D. McSwain engaged in a scheme to defraud in violation of Title, 18, U.S.C, §§ 1343 and 1344, and that the proceeds of that fraud which are in amounts greater than $10,000.00 were deposited or transferred into McSwain's A/C -4060 and A/C -9916 and used to purchase the vehicles identified in Paragraph 2 above in violation of Title 18, U.S.C., § 1957 (Money Laundering). As such, these vehicles are subject to civil forfeiture to the United States under Title 18, U.S.C., § 981(a)(1)(A) and (C), and/or subject to criminal forfeiture pursuant to Title 18, U.S.C., § 982(a)(1), and therefore are subject to civil seizure pursuant to Title 18, U.S.C., § 981(b), and/or subject to criminal seizure under Title 21, U.S.C., § 853(f), and Title 18, U.S.C., § 982(b)(1). I therefore respectfully request that this Court issue seizure warrants allowing Agents to seize the vehicles identified in Paragraph 2 above as property involved in transactions in violation of Title 18, U.S.C., § 1957.

_____
David P. Hulser
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn before me on this 7 day of February, 2018.

_____
/s/
Roderick C. Young
United States Magistrate Judge

UNITED STATES MAGISTRATE JUDGE

8